IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: JOHN BRUCE WILSON )
SEPARATE TRUST )
 )
DEBORAH LAVERNE FRENCH, )
et al. ) NO. 3-15-0520
 ) JUDGE CAMPBELL
v. )
 )
BENNETT GORDON SCOTT )
WILSON, et al. )

MEMORANDUM

Pending before the Court are Plaintiffs' Motion for Partial Summary Judgment as to Choice of Law (Docket No. 20) and Defendants' Cross-Motion for Partial Summary Judgment as to Choice of Law (Docket No. 34). For the reasons stated herein, Plaintiff's Motion is GRANTED, and Defendants' Motion is DENIED.

FACTS

This action involves administration of the John Bruce Wilson Separate Property Trust ("the Trust"). The parties agree that John Bruce Wilson executed the Trust on May 2, 2000, in Brevard County, Florida. The parties also agree that John Bruce Wilson died on September 9, 2014, and that the Trust is being administered in Tennessee.

The Trust includes a provision which directs that the validity, construction, and all rights under the Trust are to be determined by the laws of the state of California. Specifically, this "Governing Law" provision states:

> It is the Grantor's express intent, unless otherwise provided in this instrument, [that] this Trust's validity, construction and all rights under it shall be governed by the laws of California. This section shall apply regardless of the current legal residence of the Trustee, any change of the residence of the Trustee or any beneficiary or the appointment or substitution of a Trustee residing or doing business in another state.

> The appropriate court of the state of California shall have jurisdiction over any and all disputes regarding the interpretation of the provisions of the Trust.
>
> Regardless of the jurisdiction selected above, the Trustee may choose an alternative jurisdiction for administration of this Trust as long as the change of governing law does not adversely affect the interests of the Trust beneficiaries.

Docket No. 34-3, ¶ 7.18. The parties dispute whether this governing law provision is valid and controlling in this case. The parties do not dispute that the Trust is being administered in the state of Tennessee.

## ANALYSIS

First, the Court must address Plaintiffs' arguments concerning admissions by the Defendants. The Magistrate Judge has found no bad faith on the part of Defendants with regard to the delays in discovery responses. Docket No. 48. Defendants' former counsel withdrew, and Defendants' new counsel promptly acted to seek extensions of time and promptly met the new deadlines. Moreover, the Magistrate Judge allowed Defendants to amend their Answer and held that parties may not stipulate to the legal conclusions to be reached by the Court. *Id*. This Court affirms the Magistrate Judge's Order, and Plaintiffs' arguments related thereto are moot.

Under Tennessee law, the validity, construction and administration of a trust are determined by the law of the jurisdiction designated in the terms of the trust instrument, in the "state jurisdiction provision." Tenn. Code Ann. § 35-15-107(a). The comments to Tennessee's Uniform Trust Code (Tenn. Code Ann. §§ 35-15-101, *et seq.*) state: "It is a primary objective of the Tennessee trust statutes that a settlor's intent be the lodestar by which a trust is interpreted, that such intent be carried out and that settlors have the freedom to dispose of their assets to whom and in the manner they wish, all to the greatest extent constitutionally allowable." Tenn. Code Ann. § 35-15-101, 2013 restated comments.

In order to be valid and controlling, a state jurisdiction provision must have a sufficient nexus, pursuant to Tenn. Code Ann. § 35-15-108, to the designated jurisdiction. That statute provides, in part:

> Without limiting or precluding other means for establishing a sufficient connection with a jurisdiction, the terms of a trust designating that jurisdiction's laws in a state jurisdiction provision are valid and controlling if:
>
> (1) A trustee's principal place of business is located in or a trustee is a resident of the designated jurisdiction; or
>
> (2) All or part of the administration occurs in the designated jurisdiction; which such administration, includes but is not limited to:
>
> > (A) Maintenance of some trust records physically in the designated jurisdiction; and
> >
> > (B) Wholly or partly preparing or arranging for the preparation, either on an exclusive or a nonexclusive basis, in the designated jurisdiction of an income tax return that must be filed by the trust; or
>
> (3) Some or all of the trust assets are deposited in the designated jurisdiction or physical evidence of such assets is held in the designated jurisdiction and the trust is being administered by a person defined in subdivision (a)(1).

Tenn. Code Ann. § 35-15-108(a).

In the absence of a valid state jurisdiction provision, the laws of the jurisdiction where the trust was executed determine the validity of the trust and the laws of descent, while the laws of the principal place of administration determine the administration of the trust. Tenn. Code Ann. § 35-15-107(c). Tennessee law also specifically provides that, except as otherwise expressly provided by the terms of a governing instrument specifically addressing the governing law for trust

3

administration by court order, the laws of Tennessee shall govern the administration of a trust while the trust is administered in this state. Tenn. Code Ann. § 35-15-108(b).

Plaintiffs maintain that the state jurisdiction provision in the Trust is not valid or controlling because the Trust has no connection to California. They assert that the law of the state of Florida, as the place where the trust was executed, should govern. Defendants argue that the Trust has a sufficient nexus to California and, therefore, California law applies.

The alleged connections to California cited by Defendants are as follows. A California-based company drafted the trust agreement and the amendments thereto and mailed them to the Grantor in Florida. A California resident borrowed $1,750,000 from Grantor and conveyed Tennessee property to him in trust as collateral for the loan. She signed the relevant documents for this transaction in California. Ultimately, the California resident transferred the Tennessee property to Grantor in lieu of foreclosure.

The Trust makes the Grantor's intent clear: "It is the Grantor's express intent, unless otherwise provided in this instrument, this Trust's validity, construction and all rights under it shall be governed by the laws of California." In addition, the Trust provides that California law shall apply "regardless of the current legal residence of the Trustee, any change of the residence of the Trustee or any beneficiary or the appointment or substitution of a Trustee residing or doing business in another state."

The Trustee's principal place of business is not located in California; neither is the Trustee a resident of that state. The trust records are not physically maintained in California, and there is no evidence of an income tax return for the Trust being prepared there. None of the Trust assets is in California, and there is no physical evidence of any Trust assets being held in California. Thus, this

4

state jurisdiction provision does not meet the specific requirements of Tenn. Code Ann. § 35-15-108(a) to be valid and controlling.

Defendants argue that subsection (a) is not exclusive, and the Court agrees. The statute begins with the words "Without limiting or precluding other means for establishing a sufficient connection with a jurisdiction." If Defendants could establish a sufficient connection with California through another means, the Court could find the state jurisdiction provision to be valid and controlling.

Defendants' alleged connections, however, are not sufficient. The connections to California alleged by Defendants are *de minimus*. Documents signed and mailed from California do not create the substantive connections to that state which the Tennessee statutes contemplate. Even though the Grantor's intent weighs heavy in the Court's consideration, there is simply not enough connection to the state of California for that state's laws to apply.

Accordingly, the provision of Tenn. Code Ann. § 35-15-107(c) dictates that Florida law, as the place where the Trust was executed, should determine the validity of the trust and the laws of descent, while the laws of the Tennessee determine the administration of the trust.

## CONCLUSION

For these reasons, Plaintiffs' Motion for Partial Summary Judgment as to Choice of Law (Docket No. 20) is GRANTED, and Defendants' Cross-Motion for Partial Summary Judgment as to Choice of Law (Docket No. 34) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE