IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: JOHN BRUCE WILSON<br>SEPARATE PROPERTY TRUST | )<br>)<br>)<br>) |
| DEBORAH LAVERNE FRENCH,<br>MEREDITH EMILY WILSON<br>LOUNGE, VALERIE DAWN<br>KEATING,<br><br>    Plaintiffs,<br><br>v.<br><br>BENNETT GORDON SCOTT WILSON,<br>Successor Co-Trustee and as the<br>Conservator of JOHN BRUCE WILSON,<br>JR., Successor Co-Trustee,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 3:15-cv-0520<br>Judge Aleta A. Trauger |

## MEMORANDUM & ORDER

Before the court is the plaintiffs' Motion for De Novo Determination (Doc. No. 159), seeking *de novo* review of the magistrate judge's Report and Recommendation ("R&R") (Doc. No. 157), recommending that the plaintiff's Motion to Enforce Arbitration Order #2 (Doc. No. 117) ("Motion to Enforce") be denied. More specifically, the plaintiffs state that they seek review only of the magistrate judge's determination that the parties did not reach an enforceable settlement agreement, as set forth in that section of the R&R entitled "Enforcement of Settlement Agreement" (R&R at 13–18). Defendants Bennett Gordon Scott Wilson and John Bruce Wilson, Jr. have filed separate Responses to the plaintiffs' Motion for De Novo Determination, both arguing that the court should affirm the R&R. (Doc. Nos. 168, 169.)

Also pending is the plaintiffs' Motion to Set Aside Order Denying Their Second Motion for Partial Summary Judgment as Moot and for Other Relief. (Doc. No. 158.) This motion, too, has been fully briefed.

## I. Standard of Review – Report and Recommendation

Within fourteen days after being served with a report and recommendation any "party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The court may decline to review any objections that are not sufficiently specific "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller*, 50 F.3d at 380).

Further, several circuits have held that "arguments not made before a magistrate judge are normally waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000); *see also, e.g.*, *Williams v. McNeil*, 557 F.3d 1287, 1288 (11th Cir. 2009) (holding that the district court has the discretion to not consider an argument not presented to the magistrate judge); *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000) (same); *Madol v. Dan Nelson Auto. Group*, 372 F.3d 997, 1000 (8th Cir. 2004) (a party must present all claims to the magistrate judge to preserve them for review); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues

raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir. 1988) (same). Although the Sixth Circuit has not squarely addressed this issue, it has "indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver." *The Glidden Co. v. Kinsella,* 386 F. App'x 535, 544 n.2 (6th Cir. 2010) (citing *Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

## II. Discussion

The court presumes familiarity with the factual and procedural background of this case and will not reiterate it here.

Before filing their Motion to Enforce, the plaintiffs had filed a Motion to Enter Final Order Incorporating Terms of Settlement Agreement (Doc. No. 96). The magistrate judge entered an Order (Doc. No. 135) finding that motion to be superseded by the later-filed Motion to Enforce, as the Memorandum in support of the latter expressly incorporates by reference the plaintiffs' Memorandum in support of the former. The defendants were directed to respond to the arguments in both Memoranda in addressing the Motion to Enforce. *(Id.)*

In both their Motion to Enter Final Order and their Motion to Enforce, the plaintiffs request that the court "enter an order adopting and incorporating the terms of the detailed, formal Settlement Agreement as the final order of this Court upon compromise and settlement." *(See* Doc. No. 117, at 7, *see also* Doc. No. 96, at 3.) The "formal Settlement Agreement" they seek to enforce is attached as an exhibit to the earlier motion. (Doc. No. 147-1.)

The R&R recommends that the plaintiffs' motion be denied, both insofar as it seeks enforcement of a purported arbitration award and to the extent it seeks a final order incorporating the terms of the formal Settlement Agreement. In their Motion for De Novo Determination, the

plaintiffs object only to the latter recommendation. However, in doing so, they argue, for the first time, that the magistrate judge erred in "focus[ing] on the draft settlement agreement" (Doc. No. 159, at 2), instead of on the so-called "Term Sheet" the parties signed at the conclusion of mediation on July 6, 2016.

The document to which the plaintiffs now refer as the "draft settlement agreement" is the same "formal, detailed Settlement Agreement drafted and approved by counsel for all parties" (Doc. No. 117, at 2), the enforcement of which they seek in their Motion to Enforce and their Motion to Enter Final Order. Now, however, the plaintiffs ask this court to find that "the parties entered into a valid agreement when the parties signed the 'Term Sheet' on July 6, 2016. (Doc. No. 160, at 3.) The entirety of the plaintiffs' Memorandum in support of their Motion for De Novo Determination is devoted to their argument that the parties mutually agreed to all material terms of a settlement at the mediation and that their binding settlement agreement is memorialized by the Term Sheet. (Doc. No. 160, *passim*.)

The court finds, first, that the magistrate judge did not "fail to discuss the validity of the Term Sheet." Rather, the plaintiff's motion fails to focus on whether the Term Sheet itself constitutes an enforceable agreement. Instead, the motion asks the court to consider whether the formal Settlement Agreement that incorporated and expanded upon the Term Sheet is enforceable. Regarding the formal Settlement Agreement, the magistrate judge found that "the parties did not reach a meeting of the minds regarding all material terms" and, therefore, that the motion to enter a final order incorporating the terms of the formal Settlement Agreement should be denied. (*Id.* at 15.) The plaintiffs, in their Motion for De Novo Determination, do not even contest that conclusion. In fact, the plaintiffs do not object to any of the magistrate judge's actual findings of fact or conclusions of law. They object only to her failure to address an argument

they never raised until the filing of their Motion for De Novo Determination. The court concludes that the plaintiffs waived review of this argument by failing to raise it before the magistrate judge in the first instance.

Second, even if the court were to consider the plaintiff's argument, it is clear that the Term Sheet itself is not a binding agreement. Under Tennessee law:

> A contract must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced. Indefiniteness regarding an essential element of a contract may prevent the creation of an enforceable contract.
>
> A contract must be of sufficient explicitness so that a court can perceive what are the respective obligations of the parties.

*Doe v. HCA Health Servs. of Tenn.*, 46 S.W.3d 191, 196 (Tenn. 2001) (internal quotation marks and citations omitted). The Term Sheet is simply not "sufficiently definite to be enforced." *Id.* The plaintiffs themselves recognized in their Memorandum in support of their Motion to Enter Final Order that, although the Term Sheet "memorialized" the parties' settlement, everyone involved "underst[ood] that details would need to be discussed and incorporated into a more formal document [and] anticipated that conflicts over those details would possibly arise." (Doc. No. 97, at 3.) As the magistrate judge found, the parties became mired in such conflicts and never managed to agree on the final terms of a binding agreement.

### III. Conclusion and Order

The court has conducted a *de novo* review of the record in its entirety and finds that the R&R accurately summarizes the facts and correctly states the law as applied to the arguments in the plaintiffs' original Motion to Enforce. Finding no error, the court **ACCEPTS** and **ADOPTS** the magistrate judge's Report and Recommendation in its entirety as this court's findings of fact and conclusions of law. The plaintiff's Motion to Enforce Arbitration Order #2 (Doc. No. 117) is

**DENIED.**

Having denied the Motion to Enforce, and given that the parties' previous attempts at settlement have, unfortunately, proved unsuccessful, the court acknowledges that the plaintiff's Second Motion for Partial Summary Judgment, previously denied as moot, is no longer moot. The Motion to Set Aside Order Denying Second Motion for Partial Summary Judgment (Doc. No. 158), therefore, is **GRANTED**. The Clerk is **DIRECTED** to reinstate the plaintiffs' Second Motion for Partial Summary Judgment (Doc. No. 85) as pending on the docket.

That motion was denied as moot prior to the expiration of the deadline for a response and, as a result, has never been fully briefed. The defendants **SHALL** respond to the motion by or before **Wednesday, March 14, 2018**. The plaintiffs may file an option reply by or before **Wednesday, March 21, 2018**.

It is so **ORDERED**.

ENTER this 23rd day of February 2018.

ALETA A. TRAUGER
United States District Judge